UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES HENRY PECK, JR.,

    Plaintiff,

v.                                                  Case No. 8:17-cv-2130-T-AAS

NANCY A. BERRYHILL, Deputy
Commissioner of Operations,
Social Security Administration,

    Defendant.
_____/

## ORDER

Charles Peck, Jr., moves for an award of attorney's fees, which the Commissioner does not oppose. (Doc. 23). Mr. Peck requests $7,826.13 in attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. Section 2412. The EAJA permits awards for reasonable attorney's fees to a prevailing party against the United States. 28 U.S.C. § 2412. Mr. Peck's $7,826.13 in attorney's fees is the result of 39.5 hours his attorney Erik Berger completed at a $198.13 hourly rate. (Doc. 23, p. 3).[1]

The September 4th order reversed and remanded the Commissioner's final decision under sentence four of 42 U.S.C. Section 405(g) for further administrative proceedings. (Doc. 21). The Clerk entered judgment in Mr. Peck's favor shortly after.

---

[1] Berger actually expended 50.2 hours on Mr. Peck's case in this court. (Doc. 23, pp. 5–6). But after conferring with the Commissioner's counsel, Berger reduced his total hours expended to 39.5 hours. (*Id.* at 6, n.2).

1

(Doc. 22). Mr. Peck now requests an award of attorney's fees under the EAJA because he was the prevailing party. (Doc. 23).[2]

The Commissioner does not contest the following: Mr. Peck is the prevailing party; Mr. Peck's net worth was less than $2 million when he filed his complaint; the Commissioner's position was not substantially justified; no special circumstances make an attorney's fees award unjust; and Mr. Peck's attorney's fees request is unreasonable. A court should grant a Social Security claimant's request for attorney's fees when it is unopposed. *See Jones v. Colvin*, No. 8:13-CV-2900-T-33AEP, 2015 WL 7721334 (M.D. Fla. Nov. 30, 2015) (awarding unopposed attorney's fees request). Therefore, Mr. Peck is entitled to $7,826.13 in attorney's fees.

Attorney's fees awarded to a claimant under the EAJA can be offset to satisfy the claimant's pre-existing debt to the United States. *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). Following this order, the United States Department of the Treasury will determine whether Mr. Peck owes a debt to the United States. Mr. Peck also assigned his rights to EAJA fees to his attorney. (Doc. 23-1). So, if Mr. Peck has no federal debt, the United States will accept Mr. Peck's assignment of EAJA fees and pay the fees directly to his counsel.

---

[2] The United States and its agencies and employees have sixty days to appeal a judgment. Fed. R. App. P. 4(a)(1)(b); 26(a)(1). The sixty-day appeal period for Mr. Peck's judgment expired November 5, 2018, at which point judgment became final. A party moving for attorney's fees under the EAJA must do so within thirty days of final judgment. 28 U.S.C. § 2412(d)(1)(B); Fed. R. Civ. P. 6(a)(1). Mr. Peck's deadline for moving for attorney's fees under the EAJA fees is December 6, 2018. Therefore, the court has jurisdiction to award Mr. Peck's requested fees.

The Commissioner does not oppose Mr. Peck's request for attorney's fees. The following is therefore **ORDERED:**

1. Mr. Peck's motion for attorney's fees under the EAJA, (Doc. 23) is **GRANTED.**

2. Mr. Peck is awarded **$7,826.13** in attorney's fees under the EAJA.

**ENTERED** in Tampa, Florida, on November 30, 2018.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge